CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 10 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWNA B. REINHARDT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:08-CV-008 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | By: Hon. Michael F. Urbanski |
| Defendant. ) | United States Magistrate Judge |

Plaintiff Shawna B. Reinhardt, aka Shawna B. Haga, ("Reinhardt") brought this action pursuant to 42 U.S.C. § 1383(c)(3), incorporating 42 U.S.C. § 405(g), for review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). After the administrative hearing in this case, counsel for Reinhardt submitted to the Administrative Law Judge ("ALJ") additional medical records, which included a disability opinion from a treating physician. Although the records were received by the ALJ more than three months before he issued his written decision denying benefits, the ALJ's decision does not address the treating physician's opinion. In addition, the only medical opinion in the record which finds Reinhardt not to be disabled was done by a state agency physician performing only a records review. Because of the timing of that review, however, that state agency physician did not have access to any medical records from Reinhardt's treating neurologist concerning her multiple sclerosis condition. The administrative record contains more than ten visits by Reinhardt to her treating neurologist prior to the ALJ's decision. As such, the ALJ's reliance on the obviously incomplete medical records review done by the

state agency physician cannot constitute substantial evidence. For both of these reasons, this case must be remanded for further administrative proceedings consistent with sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner shall consider this evidence, along with new evidence submitted by Reinhardt to the Appeals Council.

## I.

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).
2

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. Id. Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functioning capacity ("RFC")[1], considering the claimant's age, education, work experience, and impairments,

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

3

to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II.

Reinhardt filed an application for DIB and SSI on August 23, 2004 claiming disability based on problems with her heart and spine and due to her multiple sclerosis. (Administrative Record [hereinafter R.] at 62-67, 357-66)  Virginia Disability Determination Services ("DDS") denied benefits initially and upon reconsideration, and Reinhardt requested a hearing before an ALJ, which occurred on June 26, 2006. (R. 480-519)  At the conclusion of the hearing, Reinhardt's counsel requested some additional time to submit certain evidence, including pay stubs and certain medical records. Counsel indicated that she would not need more than a week to submit the pay stubs and that she did not think that the medical records would take long. (R. 518)  On August 1, 2006, Reinhardt submitted twenty five pages of additional medical records, which were received by the Commissioner on August 2, 2006. Included in these medical records was an opinion by Reinhardt's treating physician, Dr. Dhimitri Gross, that "[s]he will be unable to work and to be considered for permanent disability." (R. 385)  Although the ALJ issued his decision more than ninety (90) days after receipt of this evidence, his decision denying benefits does not address this disability opinion.

An ALJ is required to analyze every medical opinion received and determine the weight to give such an opinion in making a disability determination. 20 C.F.R. § 404.1527(d).  A treating physician's opinion is to be given controlling weight if it is supported by medically

---

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

4

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Mastro v. Apfel, 270 F. 3d 171, 178 (4th Cir. 2001). The ALJ is to consider a number of factors which include whether the physician has examined the applicant, the existence of an ongoing physician-patient relationship, the diagnostic and clinical support for the opinion, the opinion's consistency with the record, and whether the physician is a specialist. 20 C.F.R. § 404.1527.

In this case, the ALJ did not address in any respect the disability opinion from Reinhardt's treating physician received following the administrative hearing. As such, this case must be remanded for administrative consideration of this opinion under sentence four of 42 U.S.C. §405(g).

### III.

In determining Reinhardt's physical RFC, the ALJ relied exclusively on the opinion of a state agency physician, done pursuant to a records review only, on December 3, 2004. (R. 28, 215-221) This records review was completed several months before Reinhardt was first seen by a neurologist, Dr. Christopher J. Scherer, on March 21, 2005, for her multiple sclerosis. Reinhardt was treated by Dr. Scherer for her multiple sclerosis regularly over the ensuing months. On August 30, 2007, Dr. Scherer opined that Reinhardt "[d]ue to the combination of her relapsing remitting Multiple Sclerosis and coronary problems, she often experiences physical limitations, including severe fatigue, such as that she must rest for periods throughout the day. due to these limitations, she is unable to perform even sedentary competitive work activities on an eight hours a day, five days a week consistent basis." (R. 479) Additionally, eight days after the ALJ's decision, on November 15, 2006, Dr. Gross saw Reinhardt on follow-up. Dr. Gross'

note from that day states that "Did advise patient it is a significant health risk for the patient to resume any work activities given her current medical status. Returning to work would pose significant detriment to her health and would be potentially life threatening for her." (R. 416) Also, Reinhardt had a stress test performed on September 11, 2007 demonstrating abnormally decreased heart muscle movement in four segments of her heart, (R. 522-24), and reflected a decline in her cardiac condition from her stress test of March 1, 2005. (R. 280-83) The ALJ did not have the ability to assess this opinion as it was submitted to the Appeals Council after the ALJ's decision. This evidence plainly concerns the myriad serious impairments facing Reinhardt and is both relevant and material to her application for benefits. Likewise, Reinhardt has clearly identified the new evidence and good cause exists for not submitting it prior to the ALJ's decision. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) As such, these two new disability opinions from Reinhardt's treating physicians, Drs. Scherer and Gross, as well as the results of her cardiac stress test and other medical evidence, should be considered by the Commissioner on remand along with the earlier August 2, 2006 opinion from Dr. Gross.

## IV.

It is clear from the record in this case that the ALJ did not address the August 2, 2006 disability opinion from her treating physician, that reliance on an incomplete state agency physician's records review was plainly inadequate, rr and that additional relevant and material medical records were submitted to the Appeals Council following the date of the ALJ's decision. As a result, it is RECOMMENDED that this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further administrative consideration consistent

6

with this Report and Recommendation, including appropriate evaluation and assessment of the disability opinions from Reinhardt's treating physicians not considered by the Commissioner.

The Clerk is directed to transmit the record in this case to James C. Turk, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court also is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER:** This __10th__ day of October, 2008.

_/s/ Michael F. Urbanski_
Michael F. Urbanski
United States Magistrate Judge